USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/6/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HUT 8 CORP. SECURITIES LITIGATION | Case No. 1:24-cv-00904-VM<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**FINAL ORDER AND JUDGMENT**

WHEREAS, on June 18, 2026, Lead Plaintiff Abhishek Maheshwari ("Plaintiff"), on behalf of himself and all other members of the Settlement Class, and Defendants Hut 8 Corp. ("Hut 8" or the "Company") and Asher Genoot ("Genoot"), Michael Ho ("Ho"), Jaime Leverton ("Leverton"), and Shenif Visram ("Visram") (together, the "Individual Defendants," collectively with Hut 8, the "Defendants," and together with Plaintiff, the "Parties") entered into a Stipulation of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

WHEREAS, pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on July 8, 2026 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the

opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 6, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and (c) how to rule on Lead Counsel's Fee and Expense Application;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents.** This Judgment incorporates by reference the definitions in (a) the Stipulation, and (b) the Notice. All capitalized terms not defined herein shall have the same meaning set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement.** The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired Hut 8 securities in the United States or on an exchange based in the United States between February 13, 2023 and

January 18, 2024, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of Hut 8 at all relevant times, members of their Immediate Family and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons or entities who or which properly excluded themselves by filing a valid and timely request for exclusion, as listed in Exhibit 1.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally appoints Plaintiff as Class Representative for the Settlement Class and finally appoints Pomerantz LLP as Class Counsel for the Settlement Class. Class Representative and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice.** The Court finds that the dissemination of the Notice, Summary Notice, Postcard Notice, and Proof of Claim and Release form ("Claim Form"): (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the

Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and 15 U.S.C. § 77z-1(a)(7) and 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

6. **Objections.** There have been no objections to the Settlement.

7. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member Claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8. The Complaint, filed on June 14, 2024 (ECF No. 39), is dismissed in its entirety with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings.** The Court finds that, during the course of the Action, the Parties and their respective counsel complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure.

10. **Releases.** The releases set forth in Paragraphs 5 and 6 of the Stipulation, together with the definitions contained within the Stipulation relating thereto, are expressly incorporated herein in all respects. Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether Plaintiff or any Class Member has: (a) executed and delivered a Claim Form; (b) received the Postcard Notice or Notice; (c) filed an objection to the Settlement, the proposed Plan of Allocation, or any Fee and Expense Application; (d) had their Claim Form approved or allowed; or (e) received a distribution from the Settlement Fund.

11. Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Notwithstanding Paragraphs 10 and 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Binding Effect.** The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Plaintiff, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

14. **No Admissions.** This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Settlement, the Stipulation, or this Judgment, and in particular:

a. do not constitute, and shall not be offered or received against or to the prejudice of any of Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiff or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

b. do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against or to the prejudice of Plaintiff, or any other Settlement Class Member as evidence of any infirmity in the claims of Plaintiff, or Settlement Class Members;

c. do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiff, any Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiff, Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

d. do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiff, or any Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e. do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. **Modification of the Stipulation.** Without further approval from the Court, Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. **Approval of the Plan of Allocation.** Copies of the Postcard Notice, which directed recipients to the Notice containing the proposed Plan of Allocation, were mailed to 171,191 potential Settlement Class Members and nominees. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds and concludes that due and adequate notice was directed to Persons who are Settlement Class Members who could be identified with reasonable effort, advising them of the proposed Plan of Allocation, and of their

right to object thereto, and a full and fair opportunity was accorded to Persons who are Settlement Class Members to be heard with respect to the Plan of Allocation. There were no objections to the Plan of Allocation.

18. The Court hereby finds and concludes that the Plan of Allocation for the calculation of the claims of Claimants and distribution of the Net Settlement Fund, which was set forth in the Notice disseminated to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among eligible Settlement Class Members. The Court hereby approves the Plan of Allocation.

19. The Court's approval of the Plan of Allocation is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of the other aspects of this Judgment with respect to the Settlement.

20. **Attorneys' Fees and Litigation Expenses.** Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and 15 U.S.C. § 77z-1(a)(7) and 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

21. There were no objections to the application for attorneys' fees or expenses.

22. Lead Counsel, on behalf of all Plaintiffs' Counsel, are hereby awarded attorneys' fees in the amount of $782,550, plus interest at the same rate earned by the Settlement Fund, and $67,134.64 in payment of Litigation Expenses, plus accrued interest, which sums the Court finds to be fair and reasonable. The award of attorneys' fees and Litigation Expenses may be paid to

Lead Counsel from the Settlement Fund immediately upon entry of this Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

23. The Court's approval of the Fee and Expense Application is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of this Judgment with respect to the Settlement.

24. **Plaintiff Award**. Pursuant to 15 U.S.C. § 77z-1(a)(4) and 15 U.S.C § 78u-4(a)(4), Plaintiff is hereby awarded $10,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

25. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's Claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

26. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with Paragraph 43 of the Stipulation.

27. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this 6th day of November, 2026.

HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE